

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00135-CR

**WILLIAM JAMES JOHNSON,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 13-03259-CRF-85

## MEMORANDUM OPINION

Appellant William James Johnson made an open guilty plea to a two-count indictment alleging the offenses of burglary of a habitation and evading arrest with a prior conviction; Appellant also pled true to the enhancement paragraph alleging a prior felony burglary conviction.

After those pleas, the State chose to proceed on only the enhanced burglary count in the punishment phase before a jury. Appellant testified in the punishment

phase and admitted to participating in the burglary. The jury assessed a thirty-year sentence and a $2,000 fine. This appeal ensued. We will affirm.

In accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Appellant's court-appointed appellate counsel filed a brief and motion to withdraw, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) informed Appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

---

[1] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case

Appellant has filed a pro se response that raises three issues.[2]  Before asserting his issues, Appellant initially complains that the punishment range should have been 2 to 20 years (second-degree felony), not 5 to 99 years (first-degree felony).  Appellant was charged with and pled guilty to second-degree felony burglary of a habitation (TEX. PENAL CODE ANN. § 30.02(c)(2)), which was enhanced to a first-degree felony by his prior felony burglary conviction, to which he pled true.  TEX. PENAL CODE ANN. § 12.42(b)).  The trial court admonished Appellant that the range of punishment was "life or any term not more than 99 years or less than 5 years in the state penitentiary and in addition a fine of up to $10,000."  Appellant stated that he understood the range of punishment.  Appellant's complaint about the range of punishment is not an arguable ground to advance in this appeal.

Issues two (the State presented evidence of stolen property found in the possession of one of Appellant's accomplices) and three (the eyewitness to the daytime burglary could not identify Appellant as one of the three burglars, and the victim could not identify Appellant as one of the three persons he saw in front of his house) concern Appellant's guilt.  Because Appellant pled guilty and admitted in the punishment phase to participating in the burglary, these are not arguable grounds to advance in this appeal.

---

presents any meritorious issues.'"  *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Nowhere in the record or in the documents we have received does Appellant suggest that he wants or sought the record but was unable to obtain it.  *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

Appellant's first issue asserts that the bailiff picked the jury. Our review of jury selection in this case reveals that the State and defense counsel conducted extensive voir dire, agreed to excuse five venirepersons for cause, asserted challenges for cause, and exercised peremptory strikes. Thereafter, the trial judge called out the names of the venirepersons who were selected to serve on the jury. Appellant's claim that the bailiff picked the jury is frivolous. Appellant also asserts that the bailiff sat "behind the judge desk" and "by law that makes him a 13[th] member of the jury." That claim is also frivolous.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record, counsel's brief, and Appellant's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Appellant's attorney has asked for permission to withdraw as counsel for Appellant. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must

withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 26, 2015
Do not publish
[CRPM]



---

[3] New appellate counsel will not be appointed for Appellant. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date of the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.